IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| A.Z., | : | |
| | : | |
| Petitioner, | : | Case No. 4:25-cv-115-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| v. | : | |
| | : | Case No. 4:25-cv-119-CDL-AGH |
| TERRENCE DICKERSON, | : | 28 U.S.C. § 2241 |
| | : | |
| Respondent. | : | |

**<u>ORDER</u>**

A.Z., a federal immigration detainee at Stewart Detention Center in Lumpkin, Georgia, filed two cases with the Court. On April 7, 2025, through counsel, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *A.Z. v. Dickerson*, No. 4:25-cv-115-CDL-AGH (ECF No. 1). However, on April 9, 2025, the Court received a *pro se* petition for writ of habeas corpus under § 2241 that Petitioner signed and mailed on April 4, 2025. *Z.A. v. Bondi*, No. 4:25-cv-119-CDL-AGH (ECF No. 1).

Rule 42(a) of the Federal Rules of Civil Procedure authorizes district courts to consolidate actions that "involve a common question of law or fact[.]"[1] "A district court's decision whether to consolidate [under Rule 42(a)] is 'purely discretionary.'" *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Exercising this "considerable"

---

[1] "[T]he lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same." *Chambers v. Cooney*, No. 07-0373-WS-B, 2007 WL 3287364, at *1 (S.D. Ala. Nov. 2, 2007) (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*.")).

discretion requires weighing the risk of prejudice and confusion that could be caused by consolidation against considerations of judicial economy and the prejudice that duplicative litigation may cause, among other considerations. *Id.* (quoting *Hendrix*, 776 F.2d at 1495).

Here, consolidation of Petitioner's cases will conserve judicial resources and permit the efficient resolution of Petitioner's claims. Moreover, consolidation will allow Petitioner—who is now represented by counsel—to keep better track of his claims and help clearly define the issues for the parties, without causing any apparent prejudice. It is therefore **ORDERED** that *Z.A. v. Bondi*, No. 4:25-cv-119-CDL-AGH be **CONSOLIDATED** into *A.Z. v. Dickerson*, No. 4:25-cv-115-CDL-AGH, and that *Z.A. v. Bondi*, No. 4:25-cv-119-CDL-AGH be **ADMINISTRATIVELY CLOSED.**

Because there will now be two petitions for writ of habeas corpus pending in this case, No. 4:25-cv-115-CDL-AGH, Petitioner shall have **fourteen (14) days** from the date of this Order to amend his application for habeas relief if he so desires. If Petitioner does not file an amended petition, the operative petition in this proceeding will be the original petition (ECF No. 1) filed in No. 4:25-cv-115-CDL-AGH. Thereafter, Respondent shall have **fourteen (14) days** to file an answer or other responsive pleading.

**SO ORDERED**, this 17th day of April, 2025.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE
